John F. SANCHEZ

v.

TRUSTEES OF the PENSION PLAN, HEALTH & WELFARE PLAN, AND EDUCATION FUND OF the UNITED ASSOCIATION OF JOURNEYMEN AND CARPENTERS OF the PLUMBING AND PIPEFITTING INDUSTRY OF the UNITED STATES AND CANADA, LOCAL UNION 198, AFL–CIO, et al.

Louis DeJOHN

v.

TRUSTEES OF the PENSION PLAN, HEALTH & WELFARE PLAN, AND EDUCATION FUND OF the UNITED ASSOCIATION OF JOURNEYMEN AND CARPENTERS OF the PLUMBING AND PIPEFITTING INDUSTRY OF the UNITED STATES AND CANADA, LOCAL UNION 198, AFL–CIO, et al.

Civ. A. Nos. 73–358, 73–359.

United States District Court,
M. D. Louisiana.

July 14, 1976.

W. P. Wray, Jr., Wray & Robinson, Baton Rouge, La., for plaintiffs.

C. Paul Barker, Dodd, Barker, Boudreaux, Lamy & Gardner, New Orleans, La., for defendants.

E. GORDON WEST, District Judge:

These consolidated cases are brought by plaintiffs, John F. Sanchez and Louis De-John, challenging the termination of their status as participants in three union fringe benefit trust funds. The plaintiffs have been and remain members of Local 198 of the United Association of Journeymen and Carpenters of the Plumbing and Pipefitting Industry in the United States. Throughout their tenure as union members, plaintiffs have been participants in the three trust funds set up for the benefit of the members of Local 198, the Pension Plan, the Health and Welfare Fund, and The Educational Fund.

In 1960 and 1967 respectively, DeJohn and Sanchez formed their own corporations to engage in the plumbing and pipefitting business. Each presently serves as president and is a principal stockholder of his corporation. On May 11, 1973, the trustees of the funds informed plaintiffs that because of their status as "employers," they were ineligible to participate in the trust fund plans.

Alleging that this determination was "arbitrary, capricious and unreasonable," and that it constituted "a violation and a breach of each of the trusts by the trustees thereof," plaintiffs filed these suits in Louisiana's Nineteenth Judicial District Court seeking an injunction preventing the trustees from terminating their interest in the trusts, or in the alternative, a return of all sums paid by or for them to the union and the trustees such as dues, assessments and

the like. Plaintiffs contend in their suits that they are "employees" as defined in the trust agreements and that they are therefore members of and beneficiaries of those trusts. Thereafter defendants removed the cases from the State Court to this Court based upon their assertion in the removal petitions that the cases arose under the laws of the United States. As pre-trial proceedings progressed, this Court, on its own motion, questioned its jurisdiction over these cases, and noted the possibility that removal had been improvidently granted. It requested and received briefs from counsel on the jurisdictional issue. That question is now ready for decision.

Cases founded on claims arising under the Constitution or laws of the United States are removable under 28 U.S.C. 1441(b). A determination of the removability of an "arising under" case is entwined with the limits of federal question generally; therefore, in order for such a case to be removable, a right or immunity granted by the United States must be an "essential element" of plaintiff's cause of action. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Further, the federal question must be disclosed upon the face of the plaintiff's complaint. A case not removable based upon the allegations of the complaint "cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great Northern Railroad Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); *Tennessee v. Union Planters Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Gully v. First National Bank in Meridian*, supra.

In judging the allegations of the plaintiff's complaint, it must be kept in mind that the plaintiff is the master of his own claim, and may choose not to assert a federal right that is available and instead rely on state law. *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (C.A. 3, 1974).

In their identical complaints in these cases, plaintiffs seek injunctive relief from the allegedly arbitrary and capricious acts of the trustees of the trust funds, which they assert violate and constitute a breach of the trust agreements. These assertions clearly state a cause of action under the Louisiana Trust Code, La. R.S. 9:1721 et seq. In particular, this claim fits under La. R.S. 9:2221, which gives a beneficiary of a trust a right of action:

"(1) to compel a trustee to perform his duties as a trustee;

(2) to enjoin a trustee from committing a breach of trust;

(3) to compel a trustee to redress a breach of trust . . . ."

Plaintiffs, then, filed their complaints in State Court asserting claims fully cognizable in that forum. Specifically plaintiffs assert that the action of the trustees is "arbitrary, capricious and unreasonable," and that it "constitutes a violation and a breach of each of the trusts by the trustees thereof." Plaintiffs, in their complaints, do not claim that the trusts themselves are in any way defective or invalid. On the contrary, they allege the validity of the trust agreements and claim only that the actions of the trustees are "contrary to the conditions contained within each trust___." Plaintiffs in these complaints do not put at issue the validity of the trusts. They contest only the trustees' factual conclusion that they, the plaintiffs, because of the nature of their employment, do not qualify as beneficiaries under the trust agreements. No allegation of these complaints was directed at any federal cause of action. Even though counsel for plaintiffs now acquiesces in the removal, it is significant to note that in the proposed Conclusions of Law by Plaintiff, submitted and filed in the record, there is no mention of violation of federal law. These proposed "Conclusions of Law" suggest that the contributions to the funds made for the benefit of the plaintiffs "are

*permitted* both by the instant documents creating said funds and by state and federal law," but that the actions of the union and the trustees violate certain specified Articles of the *Louisiana Trust Code,* and the *Louisiana Revised Civil Code.* Neither in the original complaints nor in the proposed Conclusions of Law filed by the plaintiffs is there any suggestion of federal violations.

The parties suggest, however, that federal law is at the root of plaintiffs' complaints. The provision of federal law which they assert is applicable is 29 U.S.C. 186(c)(5), which provides an exception to the general rule prohibiting payments made by employers to unions, union officers, and other employee representatives. That section states that the prohibition on employer payments to such representatives shall not be applicable:

> "(5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer."

That section goes on to prescribe in considerable detail how such trust plans must be organized and how benefits are to be paid. Section 186(e) vests the federal district courts with jurisdiction "to restrain violations of this section."

The defendants contend that because these plaintiffs are, in their view, employers rather than employees, their participation in the plans may violate the requirement in § 186(c)(5) that the trusts must be "for the sole and exclusive benefit" of the "employees." Since the trustees may be required by federal law to perform the acts of which plaintiffs complain, i. e., to terminate plaintiffs' participation in the trust funds, they assert that jurisdiction must exist under § 186(e). This assertion is clearly erroneous. It has long been settled that the fact that a federal statute may be a defense to a state claim does not make that claim cognizable in federal court. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Gully v. First National Bank in Meridian,* supra.

Plaintiffs' jurisdictional assertion requires more serious discussion. They contend that the allegation in their initial complaint that they were members of the trust fund plans necessarily asserted their status as "employees" under § 186(c)(5), because only "employees" may be members of such plans. Therefore, it "must necessarily follow" that an assertion that the trustees are excluding persons who are "employees" under § 186(c)(5) is also an assertion that the three trusts are not being operated for the "sole and exclusive benefit" of the employees as required by that section and constitutes a violation of it. Such an assertion has been held, in some instances, to be sufficient to grant jurisdiction under § 186(e). *Lugo v. Employers Retirement Fund,* 529 F.2d 251 (C.A. 2, 1976).

Furthermore, other cases have held that if the real nature of a plaintiff's complaint is federal, removal is proper regardless of how the claim is characterized. *Fay v. Cystoscope Makers, Inc.,* 98 F.Supp. 278 (S.D.N.Y.1951); *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers,* 376 F.2d 337 (C.A. 6, 1967). This reasoning has been rejected in other cases. *La Chemise Lacoste v. Alligator Co., Inc.,* supra; *American Dredging Co. v. Local 25, Marine Division, International Union of Operating Engineers,* 338 F.2d 837 (C.A. 3, 1964). But regardless of the validity of this premise, it is not applicable to the facts before us.

In *Avco Corp. v. Aero Lodge No. 735,* supra, the plaintiff had sought injunctive relief in State Court against a union strike which allegedly violated a no-strike provision in the collective bargaining agreement. The Sixth Circuit found that in suits to enforce the private rights of parties to a collective bargaining agreement, federal labor law had preempted the field. Because of the preemption, an independent cause of action under state law simply did not exist, and federal law must be applied by both federal and state courts. In view of the applicability of federal law to plaintiff's claim, the Court found that the claim arose under federal law, in spite of plaintiff's

statement of it as a state claim for breach of contract.

Presumably, if the principle stated in *Avco* with respect to the enforcement of collective bargaining agreements were applicable to the case before us, the plaintiffs' jurisdictional contention might well be correct. However, the state claim raised by plaintiffs here is not subject to federal preemption as was the claim in *Avco*. Prior to the passage of the Employees Retirement Income Security Act, 29 U.S.C. 1001 et seq., the federal interest in union fringe benefits plans was limited. As noted by the Fifth Circuit in *Snider v. Allstate Administrators, Inc.,* 481 F.2d 387 (C.A. 5, 1973);

> "Trust funds for the benefit of union members are established under the laws of the respective states. Federal law affects union trust funds only to the extent that Congress has elected to exempt employer contributions to such funds made under the terms of a labor-management contract from the general prohibition on employer payments to employee organizations. While Congress thought it necessary in order to prevent potential abuse of this exemption to stipulate the conditions under which payments can legally be made, State authority remains the legal foundation upon which such funds are constructed." 481 F.2d at 390.

The complaint in our case stated a cause of action based upon such state authority, established in the Louisiana Trust Code. Nothing in the Taft-Hartley Act or in any other provision of federal law precluded plaintiff from raising this state claim.

■ The parties contend, however, that the passage of the Employees Retirement Income Security Act (ERISA), indicates a current Congressional intent that employee trust fund disputes be adjudicated in federal court. For this reason, it is apparently submitted that trust fund cases arising previous to ERISA's effective date are also subject to federal law and adjudication. This point was adequately dealt with by the Second Circuit in *Lugo v. Employers Retirement Fund,* supra, as follows:

> "The careful attention paid by Congress in that recently enacted statute to the problem of effective dates and coverage makes us hesitate to conclude that the courts have long been authorized, via the fifth exception to a criminal statute, [§ 186] . . . to create obligations similar to those of ERISA." 529 F.2d at 255.

In light of this reasoning, the Court concludes that the provisions of ERISA cannot be construed, as counsel would have them construed, to grant jurisdiction over a suit which arose and was filed long before its effective date.

■ Finally, under what this Court believes to be the prevailing view of § 186(e), the facts alleged in plaintiffs' complaints do not state claims over which this Court would have jurisdiction, even if plaintiffs had sought to invoke our jurisdiction for adjudication of them. For example, in the case of *Lugo v. Employers Retirement Fund,* supra, the Second Circuit reiterated its view, stated earlier in *Cuff v. Gleason,* 515 F.2d 127 (C.A. 2, 1975), that section 186(e) "only gives jurisdiction to restrain violations of the basic structure provided by Congress for section 302 [29 U.S.C. 186] pension funds, 'not violations of fiduciary obligations or standards of prudence in the administration of the trust fund.'" 529 F.2d at 255. See also *Bowers v. Ulpiano Casal, Inc.,* 393 F.2d 421 (C.A. 1, 1968).

The Court in *Lugo* found that because plaintiff alleged that the trust was not for the sole and exclusive benefit of the employees because of its eligibility requirements, and because of excessive discretion granted to the trustees by the trust instrument, the Court did have jurisdiction to determine if the trust satisfied the standards of § 186. However, the claim raised by our plaintiffs in their complaints, regardless of how counsel presently characterizes it, was for relief based upon the trustees' alleged "arbitrary, capricious and unreasonable" violation and breach of the trust agreements, not for any structural defects in the trust plans themselves. The complaints are therefore not within the jur-

isdictional grant of § 186, even if plaintiffs had attempted to invoke it.

The Court does not reach the question of whether, under the facts alleged in the various memoranda of counsel, plaintiffs could have stated a cause of action within the jurisdiction of this Court. It is sufficient to say that they elected not to do so in their complaints in these cases, but chose to rely on state law. Since a federal question did not appear on the face of plaintiffs' complaints, and the "real nature" of the claim stated there was state, not federal, it is clear that these cases were improvidently removed to this Court, and must be re-. manded to the Nineteenth Judicial District Court. . Judgment will be entered accordingly.