ELLIS, Judge:
In these two consolidated cases, we must determine if the plaintiffs, John F. Sanchez and Louis De John, are “employees” eligible to participate in the pension and welfare trusts created pursuant to the collective bargaining agreement between Associated Mechanical Contractors of Baton Rouge, Inc. and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of United States and Canada, Local Union No. 198.
The trial judge summarized the stipulated facts of the case as follows:
“Louis DeJohn became a journeyman in Local Union 198 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, hereinafter referred to as 198, on May 23, 1949, and has been a member in good standing of 198 since 1949. Prior to that time, he had been an apprentice member. As a union member, he has always paid his dues, working assessments, death assessments, and all other sums required of him by the union.
“John F. Sanchez joined 198 in May of 1953 and has been a member in good standing of 198 since that time. As a union member, Sanchez has always paid his dues, working assessments, death assessments, and all other sums required by the union.
As union members, De John and Sanchez are entitled to all rights and privileges and subject to the same duties as all other union members except they are not entitled to vote in union matters because they are now considered part of management.
“In September of 1960, DeJohn was duly certified as a master plumber. On September 13, 1960, Louis Mechanical Contractors, Inc., was incorporated with De John as one of the principal stockholders, owning 50 per cent of the stock. De John is and always has been president of the corporation and a member of its Board of Directors.
“In 1967, Sanchez was certified as a master plumber. In May of that year, John F. Sanchez Plumbing Company, Inc., was formed with Sanchez as a 50 per cent owner and president of the corporation. “In June of 1959, 198 created the Health & Welfare Trust Fund and the Education Trust Fund. In October of 1963, 198 created the Pension Trust Fund.
“Both DeJohn and Sanchez participated in these trust funds at their inception and contributions were made to the funds by their respective employers without question until May of 1973. After September of 1960, Louis Mechanical Contractors, Inc., reported to the funds that Louis DeJohn was employed by it and contributions were made to the funds on his behalf by the corporation. After May of 1967, John F. Sanchez Plumbing Company, Inc., reported to the funds that John F. Sanchez was employed by it and contributions were made to the funds on his behalf by the corporation. Contributions were made to the funds pursuant to the master working agreement and the trust agreements in exactly the same manner as contributions for other covered employees.
“All three plans in question call for contributions by the employer based upon the number of hours worked, regardless of the salary or earnings of the employee in question. The amount of the contributions is set out in the master working agreement and was followed at all times. “On August 11, 1972, a letter was delivered to De John ordering him to walk a picket line. By letter of August 23, 1972, DeJohn was ordered to pay a fine of $30.00 for failure to walk the picket line. Enclosed with the August 23 letter was DeJohn’s dues check, which was refused by the union. The dues check was later accepted, without his paying the fine, in October of 1972.
“By letter dated May 11,1973, the contributions made on behalf of De John and Sanchez were returned to their respective corporate employers by check. The returned checks were refused by the corporations. To the present date, contribu *329 tions have been continuously made to the plans at issue on behalf of DeJohn and Sanchez by their respective corporate employers in exactly the same manner as for any other covered employee.
“Subsequent to the May 11 letters, De-John and Sanchez secured a hearing from the trustees of the various plans. At that hearing, held October 4,1973, the trustees determined that DeJohn and Sanchez were ineligible to be members of the various trust funds.
“Union dues and assessments payments are made directly to the union by the employee. Contributions to the respective trust funds are made to the trustees by the employer on behalf of the employee. Contributions on behalf of DeJohn and Sanchez are continuing despite the advice of the trustees to DeJohn and Sanchez that they would no longer be covered.
“Both Louis Mechanical Contractors, Inc., and John F. Sanchez Plumbing Company, Inc., are members of the Mechanical Contractors Association. The association is represented by two employer trustees serving as regards the three trust funds in question. At one time, Louis DeJohn, as president of Louis Mechanical Contractors, Inc., served as president of the Mechanical Contractors Association.
“DeJohn and Sanchez seek an injunction permitting them to remain as beneficiaries of the benefits provided by each of the trusts and requiring the trustees to accept contributions on their behalf from their employers. Alternatively, the plaintiffs request the return of all contributions made to the trust plan. Additionally, the plaintiffs name the union as a defendant and alternatively ask for the return of all dues and assessments paid to the union.
“The defendants answer that DeJohn and Sanchez are not eligible to participate in the various trusts and that contributions already made on their behalf to the funds cannot legally be returned to them.”
Contributions to the various trusts which are made by employers only, are permitted by § 302(c)(5) of the Labor Management Relations Act, 61 Stat. 136 et seq., 29 U.S. C.A. § 186(c)(5), which allows such contributions “with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents.”
Defendants argue that the definition of “employer”, “employee”, and “supervisor” contained in 29 U.S.C.A. § 152, make it clear that the plaintiffs herein are not “employees” under Section 302(c)(5). However, Federal courts have said that officer and supervisory employees are not excluded by Section 302(c)(5) from participation in such a trust. Blassie v. Kroger Company, 8 Cir., 345 F.2d 58 (1965).
We therefore conclude that the right of participation depends on the language of the trust instruments themselves.
Article I, Section 2 of the Pension Plan Trust defines employees as “all of the Employees of each Employer for whom the Union is the collective bargaining representative, and for whom contributions are made . . . ” Article V, Section 2 thereof provides:
“RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article only for any Employee of a contributing Employer covered by a collective bargaining agreement between the Employer and the Union, salaried Employees of the Union for whom contributions are made by the Union, and such other Employees whom the Trustees shall determine to be Employees.”
Article I, Section 1.3 of the Health and Welfare Plan Trust states:
“1.3 EMPLOYEES. The term “Employees”, as used herein, shall mean all of each Employer’s hourly paid employees for whom the Union is the collective bargaining representative, and/or for whom contributions are made, and such other employees whom the Trustees shall determine to be employees.”
*330 Article II, Section 2.3 says that “All questions with regard to the eligibility of employees for benefits . . . shall be determined by the Trustees and their decisions shall be final and binding.”
Article I, Section 1.3 of the Educational Plan Trust is exactly the same as the same section in the Health and Welfare Trust.
The district judge found that Local 198 is the collective bargaining representative of the plaintiffs because they are members of the union, had designated the union as such when they first joined, and had never revoked that designation. We cannot agree.
It is clear from the record that both of the plaintiffs are the top executive officers of their respective corporations, with full authority to carry out administrative functions, including hiring and firing of personnel, giving out work assignments, and perform other functions which place them in the management category. It would be unrealistic to pretend that these individuals can, at the same time, be employees and employers in the collective bargaining process.
However, we are of the opinion that plaintiffs are not ineligible to participate in the various trust funds because the union is not their collective bargaining representative. Under the specific provisions of the trust agreements quoted above, the trustees are vested with broad discretion in determining benefit eligibility. All three trusts have provisions similar to the one in the Pension Plan Trust, which provides that benefits may be received by “any employee of a contributing employer covered by a collective bargaining agreement,” and by “such other employees whom the Trustees shall determine to be employees.”
The trustees clearly have the discretion to include as beneficiaries persons who are not encompassed in the trusts’ definitions of employees including persons who are not represented by the union.
We are therefore of the opinion that the Pension Plan Trusts are susceptible of an interpretation which would make employees of a corporation, who are major stockholders and executive officers thereof, eligible for benefits thereunder. We are further of the opinion that the record reflects that the Trustees were, or should have been, aware of the positions of plaintiffs relative to their respective corporate employers, and that, in accepting the contributions made on their behalf over a period of many years, have impliedly so interpreted the plan as to make plaintiffs eligible for benefits. See Article 1956 of the Civil Code. We do not believe that by changing their interpretation of the trust provisions the trustees can deprive a beneficiary of a right of participation already granted him.
We therefore hold that plaintiffs are “employees”, eligible to participate as beneficiaries in the various trusts which are the subject of this litigation.
The judgment appealed from is affirmed, at defendants’ cost.
AFFIRMED.