CALOGERO, Justice.
In these consolidated cases, plaintiffs, long time members of Local Union 198 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, sought an injunction against the trustees of three trust funds (Pension Plan, Health and Welfare Plan, and Education Fund) of Local 198 to prevent their being denied the right to continue as beneficiaries of the trusts.
For many years and until May 11, 1973, plaintiffs had been permitted and/or required to pay, and had paid the union dues, working assessments, death assessments and all other sums required by the union of its members. Sanchez had participated for 23 years, and DeJohn for 19. They had also earned corresponding credits as beneficiaries under each of the trusts; contributions to the trusts were made by the employers on each plaintiff’s behalf according to the prevailing collective bargaining agreement from the incipience of the trusts.
On May 11, 1973, contributions made for the plaintiffs by their corporate employers for the current pay period were returned to the employers. The trustees also returned to Sanchez and DeJohn checks of $3,432.40 and $4,001.77, respectively, which represented the total amount contributed over the years to the trust and on their behalf (no interest was included).
Both Sanchez and DeJohn and their corporate employers refused to accept the checks. They secured a hearing from the trustees; the trustees determined that they were ineligible to be members of the trust funds. Plaintiffs thereupon filed these consolidated lawsuits.
The facts are generally not in dispute and were presented to the trial court by way of a stipulation, which in greater detail than that presented hereinabove is set forth in full in the appendix attached to this opinion.
The dispute apparently arose following the plaintiffs’ refusal to walk a picket line. The legal reasons for the trustees’ and Local 198’s position are much less simple, and not entirely implausible.
In 1967 and 1960 respectively, Sanchez and DeJohn became master plumbers and *1281 officers in plumbing contractor corporations in which each held at least 50% of the stock. In effect, while still “employees” of their respective corporations, their roles had become management rather than union oriented.
The trustees took the position that under the Labor Management Relations Act, 29 U.S.C.A. 141 et seq., plaintiffs were employ ers rather than employees with respect to whom and for the benefit of whom money might be paid to a trust.
After these suits were filed, defendant removed the cases to the United States District Court for the Middle District of Louisiana, proceedings entitled Sanchez v. Trustees, 419 F.Supp. 909 and DeJohn v. Trustees, 419 F.Supp. 909. Defendants had secured the removal on the grounds that the federal court had exclusive jurisdiction over violations of Section 302 of the Taft-Hartley Act under 29 U.S.C.A. 186(e) that the federal court has jurisdiction over the subject matter of a suit against a union alleging a violation of an agreement and declaration of trust, and that if plaintiffs’ actions were successful, defendants would be in violation of an act of Congress, presumably Employees Retirement Income Security Act, 29 U.S.C.A. 1106 et seq., over which the federal courts have exclusive jurisdiction under 28 U.S.C.A. 1337. Plaintiffs acquiesced in the removal.
The United States District Court Judge to whom the case was assigned on his own motion raised the question of jurisdiction and determined that the action had been removed improvidently and without jurisdiction. He therefore remanded the case to the 19th Judicial District Court of East Baton Rouge Parish.
Assigning reasons for his decision to remand, the federal district court judge stated that because plaintiffs’ petition asserted only that the trustees’ action was a violation and breach of the trust and not that the trust was in any way defective or invalid, the complaints did not state a federal cause of action. He also rejected defendant’s claim of jurisdiction under 29 U.S.C.A. 186(e) on the basis that although a federal statute may be a defense to a state claim, that statute does not make the claim cognizable in federal court. Defendants also argued that the trustees would be subject to criminal and tax liability under E.R.I.S.A. which prohibits the “transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan” and that each of the plaintiffs was a “party in interest” as defined by 29 U.S.C.A. 1002(14)(A) and (21)(A) and 29 U.S.C.A. 1002(14)(E), that is, one who owns 50% or more of the voting power or shares of a corporation which is an employer with respect to the plan. The federal judge also rejected this claim of jurisdiction concluding that the provisions of E.R.I.S.A. can not be construed to confer jurisdiction over a suit which arose and was filed long before the effective date.
Back in the 19th Judicial District for the Parish of East Baton Rouge, the trial judge determined that it was not impermissible under the federal law and under the specific provisions of the Local 198 trust funds, for plaintiffs Sanchez and DeJohn to participate and for their respective employers to make the necessary contributions to the plans for them after Sanchez and DeJohn had formed their own corporate enterprises. The district court found further that plaintiffs were members of the union, that Local 198 was their collective bargaining representative, and that accordingly, they fit the definition of employees under the trusts.
On appeal, the First Circuit affirmed, agreeing' in all respects but one with the district court, including its finding that the plaintiffs were covered by the agreement and the trusts. The Court of Appeal found, though, that Local 198 was not the collective bargaining representative of these management-type employees. Rather, the Court of Appeal relied on that portion of the definition of employees in Article V, Section 2 of the Pension Plan Trust and in Article I, Section 1.3 of the Health and Welfare Plan Trust which includes as par *1282 ticipants “ ‘such other employees whom the Trustees shall determine to be employees.’ ” 353 So.2d 327 (La.1977).
We granted writs on application of the defendants, 354 So.2d 1384 (La.1978) concerned that the appropriate federal statutes may bar participating in the respective trusts as beneficiaries, or as the trust instruments more formally provide, “Recipients of Benefits.”
We now conclude that the Court of Appeal did not err in its findings and accordingly adopt the following portions of that Court’s legal reasons and underlying factual determination as our own.
“Contributions to the various trusts which are made by employers only, are permitted by § 302(c)(5) of the Labor Management Relations Act, 61 Stat. 136 et seq., 29 U.S.C.A. § 186(c)(5), which allows such contributions ‘with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents.’
Defendants argue that the definition of ‘employer’, ‘employee’, and ‘supervisor’ contained in 29 U.S.C.A. § 152, make it clear that the plaintiffs herein are not ‘employees’ under Section 302(c)(5). However, Federal courts have said that officer and supervisory employees are not excluded by Section 302(c)(5) from participation in such a trust. Blassie v. Kroger Company, 8 Cir., 345 F.2d 58 (1965).
We therefore conclude that the- right of participation depends on the language of the trust instruments themselves.
Article I, Section 2 of the Pension Plan Trust defines employees as ‘all of the Employees of each Employer for whom the Union is the collective bargaining representative, and for whom contributions are made . . . ’ Article V, Section 2 thereof provides:
‘RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article only for any Employee of a contributing Employer covered by a collective bargaining agreement between the Employer and the Union, salaried Employees of the Union for whom contributions are made by the Union, and such other Employees whom the Trustees shall determine to be Employees.’
Article I, Section 1.3 of the Health and Welfare Plan Trust states:
‘1.3 EMPLOYEES. The term “Employees”, as used herein, shall mean all of each Employer’s hourly paid employees for whom the Union is the collective bargaining representative, and/or for whom contributions are made, and such other employees whom the Trustees shall determine to be employees.’
Article II, Section 2.3 says that ‘all questions with regard to the eligibility of employees for benefits . . . shall be determined by the Trustees and their decisions shall be final and binding.’
Article I, Section 1.3 of the Educational Plan Trust is exactly the same as the same section in the Health and Welfare Trust.
The district judge found that Local 198 is the collective bargaining representative of the plaintiffs because they are members of the union, had designated the union as such when they first joined, and had never revoked that designation. We cannot agree.
It is clear from the record that both of the plaintiffs are the top executive officers of their respective corporations, with full authority to carry out administrative functions, including hiring and firing of personnel, giving out work assignments, and perform other functions which place them in the management category. It would be unrealistic to pretend that these individuals can, at the same time, be employees and employers in the collective bargaining process.
However, we are of the opinion that plaintiffs are not ineligible to participate *1283 in the various trust funds because the union is not their collective bargaining representative. Under the specific provisions of the trust agreements quoted above, the trustees are vested with broad discretion in determining benefit eligibility. All three trusts have provisions similar to the one in the Pension Plan Trust, which provides that benefits may be received by ‘any employee of a contributing employer covered by a collective bargaining agreement,’ and by ‘such other employees whom the Trustees shall determine to be employees.’ ” 353 So.2d at 329-30.
With the remaining portion of the Court’s legal reasons we are in general accord but with minor reservations. The trustees do indeed clearly have the discretion to include as beneficiaries employees who are not employees for whom the union is the collective bargaining representative, namely “such other employees whom the Trustees shall determine to be employees.” Other employees who are so designated by the trustees fall under the definition of employees in the trust plans.
Thus, as the Court of Appeal found, the pension trust plans are susceptible of interpretation which would make employees of the corporation who are major stockholders and executive officers thereof eligible for benefits thereunder. In this case the record reflects that the trustees were or should have been aware of the positions of plaintiffs relative to their respective corporate employers. We therefore conclude that, in accepting the contributions made on their behalf over a period of many years, the trustees have effectively accepted plaintiffs as beneficiaries in the trust and determined that these “other employees” should be employees eligible for benefits as beneficiaries under the plan. In effect, the trustees have belatedly attempted to change their earlier designation of plaintiffs as covered employees with the result of depriving these beneficiaries of the right of participation already granted them.
The Court of Appeal was therefore correct in holding that plaintiffs are “employees,” eligible to participate and to continue participating as beneficiaries in the various trusts which are the subject of this litigation.

Decree

The judgments of the district court and the Court of Appeal are affirmed.
AFFIRMED.
APPENDIX
Stipulation:
“Louis De John became a journeyman in Local Union 198 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe-fitting Industry of the United States and Canada, hereinafter referred to as 198, on May 23, 1949, and has been a member in good standing of 198 since 1949. Prior to that time, he had been an apprentice member. As a union member, he has always paid his dues, working assessments, death assessments, and all other sums required of him by the union.
“John F. Sanchez joined 198 in May of 1953 and has been a member in good standing of 198 since that time. As a union member, Sanchez has always paid his dues, working assessments, death assessments, and all other sums required by the union.
“As union members, De John and Sanchez are entitled to all rights and privileges and subject to the same duties as all other union members except they are not entitled to vote in union matters because they are now considered part of management.
“In September of 1960, De John was duly certified as a master plumber. On September 13, 1960, Louis Mechanical Contractors, Inc. was incorporated with De John as one of the principal stockholders, owning 50 percent of the stock. De John is and always has been president of the corporation and a member of its Board of Directors.
“In 1967, Sanchez was certified as a master plumber. In May of that year, John F. Sanchez Plumbing Company, Inc., was formed with Sanchez as a 50 per cent owner and president of the corporation.
“In June of 1959, 198 created the Health & Welfare Trust Fund and the Education Trust Fund. In October of 1963, 198 created the Pension Trust Fund.
“Both De John and Sanchez participated in these trust funds at their inception and contributions were made to the funds by their respective employers without question until May of 1973. After September of 1960, Louis Mechanical Contractors, Inc., reported to the funds that Louis De John was employed by it and contributions were made to the funds on his behalf by the corporation. After May of 1967, John F. Sanchez Plumbing Company, Inc., reported to the funds that John F. Sanchez was employed by it and contri *1284 butions were made to the funds on his behalf by the corporation. Contributions were made to the funds pursuant to the master working agreement and the trust agreements in exactly the same manner as contributions for other covered employees.
“All three plans in question call for contributions by the employer based upon the number of hours worked, regardless of the salary or earnings of the employee in question. The amount of the contributions is set out in the master working agreement and was followed at all times.
“On August 11, 1972, a letter was delivered to De John ordering him to walk a picket line. By letter of August 23, 1972, De John was ordered to pay a fine of $30.00 for failure to walk the picket line. Enclosed with the August 23 letter was De John’s dues check, which was refused by the union. The dues check was later accepted, without his paying the fine, in October of 1972.
“By letter dated May 11, 1973, the contributions made on behalf of De John and Sanchez were returned to their respective corporate employers by check. The returned checks were refused by the corporations. To the present date, contributions have been continuously made to the plans at issue on behalf of De John and Sanchez by their respective corporate employers in exactly the same manner as for any other covered employee.
“Subsequent to the May 11 letters, De John and Sanchez secured a hearing from the trustees of the various plans. At that hearing, held October 4, 1973, the trustees determined that De John and Sanchez were ineligible to be members of the various trust funds.
“Union dues and assessments payments are made directly to the union by the employee. Contributions to the respective trust funds are made to the trustees by the employer on behalf of the employee. Contributions on behalf of De John and Sanchez are continuing despite the advice of the trustees to De John and Sanchez that they would no longer be covered.
“Both Louis Mechanical Contractors, Inc., and John F. Sanchez Plumbing Company, Inc., are members of the Mechanical Contractors Association. The association is represented by two employer trustees serving as regards the three trust funds in question. At one time, Louis De John, as president of Louis Mechanical Contractors, Inc., served as president of the Mechanical Contractors Association.”