Albert BROWN, et al., Plaintiffs,

v.

DUFF TRUCK LINES, INC., et al., Defendants.

No. C–3–81–611.

United States District Court, S.D. Ohio, W.D.

Jan. 26, 1983.

David L. Hall, Dayton, Ohio, for plaintiffs.

John C. Lombard, Dayton, Ohio, for defendant Duff Truck Lines, Inc.

Bruce E. Pence, Dayton, Ohio, for defendant Union.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; JUDGMENT TO BE ENTERED FOR DEFENDANTS UPON SUBMISSION OF CERTAIN FED.R.CIV.P. 56 MATERIALS

RICE, District Judge.

On September 13, 1982, the Defendant, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (International Union), filed a motion to dismiss the Complaint, based on, *inter alia,* the fact that Plaintiff Albert Brown's claim was barred by Ohio Rev.Code Ann. § 2711.13 (Page). On November 2, 1982, the Court entered an order sustaining the International Union's motion in its entirety. Immediately prior to the filing of the Court's decision, the Defendant, Duff Truck Lines, Inc., submitted a motion for summary judgment, contending that Plaintiffs' claims are barred under § 2711.13, and that the Complaint fails to state a claim under either 29 U.S.C. § 185 or 28 U.S.C. § 1343(a)(3). Defendant, Teamsters Local Union No. 957 (Local Union), then filed a motion for summary judgment, maintaining, as had the other Defendants, that the present action is barred because it was not initiated within the time period specified in § 2711.13. Although Plaintiffs made no response to the International Union's September 13, 1982 motion, Plaintiffs did file a somewhat untimely reply to the present motions, on January 12, 1982. In their memorandum contra Defendants' motions for summary judgment, Plaintiffs claim that § 2711.13 is either inapplicable herein, or does not operate as a bar to this action. In addition, Plaintiffs contend that Count II, which is predicated upon an alleged invasion of privacy, does state a claim independent of any cause of action brought under Section 301 of the Labor Management Relations Act.

■ Based upon the reasoning and citations of authority contained in the memoranda filed by the Local and International Unions and by Duff Truck Lines, Inc., the Court deems the motions for summary judgment to be well taken, and same are, therefore, sustained in their entirety. Specifically, the Court notes that there are no genuine issues of material fact in dispute regarding the fact that the decision of the Ohio Joint State Grievance Committee, denying Plaintiffs' grievance and upholding his discharge, was rendered on July 9, 1981. *See,* Albert Brown deposition, p. 88. It is

also undisputed that under the collective bargaining agreement in effect between the parties, the decision of the "Joint State Cartage Committee . . . [is] final and binding." Doc. # 10, Ex. 7, Art. 45, Section 1(c), p. 113. Thus, in view of the fact that the present action was not initiated within ninety days of the July 9, 1981 committee decision, Plaintiffs' claims are barred. For an extensive discussion of these issues, see this Court's previous decisions in *Lamore v. Inland Division of General Motors Corp.,* 550 F.Supp. 1005 (S.D.Ohio, 1982) and *Baldridge v. Arkansas Best Freight System, Inc.,* 550 F.Supp. 1159 (S.D.Ohio, 1982).

■ Plaintiff argues that if the limitations period of the Ohio Arbitration Statute is to be applied, then the procedural aspects of that statute must be followed in calculating when the ninety day period set forth in Ohio Rev.Code Ann. § 2711.13 begins to run. Specifically, Plaintiff notes that Ohio Rev.Code Ann. § 2711.08 requires that arbitration awards be in writing and be delivered to the parties in interest. Further, § 2711.13 provides that an action to vacate the award must be initiated "within three months after the award is delivered to the parties in interest." Because no written award was delivered to Plaintiff in this case, he claims, in essence, that the limitations period should not be applied to bar his action. This Court has previously considered and rejected such an argument in *Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138 (S.D.Ohio 1982). In that case, this Court noted that the plaintiff, Hudson, was not a party to the arbitration proceeding and was not entitled to receive written notice. *See, id.* at 1145, n. 1. Consequently, this Court concluded that the failure to receive written notice did not toll the operation of § 2711.13. *Id.* As a further matter, this Court determined that *only* the limitations period, *i.e.,* the ninety day time period in § 2711.13, and not the procedural aspects of that statute, would be borrowed. *Id., citing, Brain v. Roadway Express, Inc.,* No. 80–2338 (N.D.Ohio, Dec. 3, 1981) (*Brain*).

In *Brain,* the plaintiffs raised an argument identical to that involved herein, that is, they claimed that the arbitration statute

did not begin to run because they had not received written copies of the arbitration award. *See, id.* at 11. The Court declined to accept this theory, finding that the Supreme Court in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (*Mitchell*), had rejected the argument that the underlying requirements for an arbitration statute must be applicable in order for that statute's limitations period to be utilized. *Id.* In *Mitchell,* the Supreme Court noted that:

The Court of Appeals declined to borrow the limitations *period* for actions to vacate an arbitration award in part because of its view that discharged employees could not institute such actions under New York law. . . . The fact that an employee could not bring a direct suit to vacate an arbitration award, however, does not mean that his § 301 claim, which if successful would have the same effect is not "closely analogous" to such an action.

*Id.* at 61, n. 3, 101 S.Ct. at 1563 (citations omitted) (emphasis added). Thus, it is apparent that the Supreme Court did not consider the underlying inapplicability or requirement of state law to be a relevant consideration for purposes of utilizing the limitations period contained therein. As a practical matter, there is no sound reason why such a factor should be pertinent, for if the approach suggested by Plaintiff herein were to be followed, it would prevent the statute of limitations from ever being applied. For example, in a case such as the present, in which written notice is not legally required, and thus, would not be delivered, the limitations period would never begin to run. While this result might be welcomed by plaintiffs, it is unfortunately lacking in either merit or sense. Consequently, the Court cannot agree with Plaintiff that § 2711.13 is inapplicable because he never received written notice of the decision of the Joint State Grievance Committee. In any event, Plaintiff was, in fact, notified of the decision of the Joint State Committee, on July 9, 1981. *See,* Albert Brown deposition, p. 88. Thus, this is not a case in which a statute of limitations is being applied inequitably to a party who

never received notice of the arbitration decision.

It should also be noted that Plaintiff claims that the decision in *Delcostello v. International Brotherhood of Teamsters,* 524 F.Supp. 721 (D.Md.1981), *aff'd mem.,* 679 F.2d 879 (4th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982), with which the conclusions herein are in accord, has been undermined by the Supreme Court's recent grant of certiorari. However, an examination of the issues presented in that case indicates that the point currently under consideration was apparently not raised on appeal. *See,* 51 U.S.L.W. 3161 (U.S. Sept. 14, 1982) (No. 81–2386). In any event, even if the Supreme Court should mention that issue in passing, no negative inference can be drawn from the mere decision to grant certiorari.

The Court also notes that Plaintiffs contend their claims for invasion of privacy are cognizable even if the remaining portion of their action is deemed barred. Specifically, Plaintiffs maintain that a federal right of privacy exists, and is guaranteed under the Constitution. In the section of the Complaint which deals with jurisdiction and venue, Plaintiffs have alleged that "[t]his is an action for invasion of the rights of privacy and the civil rights of the Plaintiff over which this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4)." Doc. # 1, ¶ 1. In their memorandum in opposition to Defendants' Motions for Summary Judgment, Plaintiffs contend that Count II, which deals with the alleged invasion of privacy, is predicated upon the actions specified at pp. 5–8 of the Aleese Brown deposition, and at pp. 102–103 of the Albert Brown deposition. An examination of the excerpts in question reveals that Aleese Brown has not claimed that any of the Defendants' actions were directed toward her; rather, her complaint is predicated upon certain correspondence addressed to her husband, Albert Brown. *See,* Aleese Brown deposition, at 6–7. Moreover, Albert Brown's claims invasion of privacy are also premised only upon letters sent to his home by Duff Truck Lines, Inc., which he claims threatened his home, and have "kept my family tore [sic] up." Albert Brown

deposition, at 103. These letters, which are attached to the Brown deposition, are dated between January and May, 1981, and contain discussions of certain altercations between Albert Brown and his supervisors. *See, id.,* and Albert Brown deposition, Ex. 2–6.

Initially, the Court observes that while Defendants have moved for summary judgment in this issue, their request is also framed in terms of a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be premised. *See,* Doc. # 11, p. 1. Since both Plaintiffs and Defendant have referred to matters outside the pleadings, the Court will consider the motion as one for summary judgment under Fed.R.Civ.P. 56.

■ The first comment which should be made is that "[t]he Constitution does not explicitly mention a right of privacy. Nor has the Supreme Court recognized the existence of a general right to privacy." *J.P. v. DeSanti,* 653 F.2d 1080, 1087 (6th Cir. 1981). In *J.P. v. DeSanti,* the Sixth Circuit adopted a restrictive view of the right to privacy, stating that: "[w]e agree with those courts that have restricted the right of privacy to its boundaries as established in *Paul v. Davis, supra,* and *Roe v. Wade* ...—those personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty.'" *Id.* at 1090 (citations omitted). In the present case, after construing all factual inferences in Plaintiffs' favor, *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962), Plaintiffs' claim is that Defendants violated their privacy by sending unwanted correspondence to Albert Brown. While Plaintiffs contend that these actions fall within the scope of the constitutional right to privacy, they have cited no authority to support the proposition that the receipt of such correspondence is within those rights deemed to be fundamental. Moreover, the Court has found no such authority. In this context, the Court notes that the sole case cited by Plaintiffs specifically observed that "[t]he constitutional right of privacy is not to be equated with the common law right recognized by state tort law. Thus far, only the most intimate

phases of personal life have been held to be constitutionally protected." *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 76 (8th Cir.), *cert. denied*, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976). Without elaborating unnecessarily on this point, it is pertinent to note that the "right" asserted herein falls far short, for example, of the "personal, marital, familial, and sexual privacy" right involved in the decision to terminate a pregnancy, *Roe v. Wade*, 410 U.S. 113, 129, 93 S.Ct. 705, 715, 35 L.Ed.2d 147 (1973), or in the choice of an individual to obtain contraceptives. *See, Eisenstadt v. Baird*, 405 U.S. 438, 453–454, 92 S.Ct. 1029, 1038–1039, 31 L.Ed.2d 349 (1972). Thus, given the fact that no federally protected right to privacy exists under the circumstances of this case, the Court finds that Defendants' Motion for Summary Judgment with respect to Count II of the Complaint is well taken.

▪ In addition to the above comments, it should be pointed out that jurisdiction over the present right of privacy claim is not appropriate under 28 U.S.C. § 1343(a)(3) or (a)(4). Subsection (4) is clearly inapplicable since Plaintiff has made no allegations pertaining to "any act of Congress providing for the protection of civil rights." Further, Subsection (3) is an inappropriate basis for jurisdiction in light of the fact that no action under color of state law is involved herein. Assuming, *arguendo,* that 28 U.S.C. § 1331 had been advanced as a predicate for jurisdiction, resort to that statute would not be proper in view of the fact that Plaintiffs have asserted no right arising under the Constitution. For a detailed analysis of this point, see this Court's previous decision in an action involving similar alleged intrusions upon privacy, *i.e., Wilson v. Moss,* 537 F.Supp. 281 at 286–287, 288 and n. 2, and (S.D.Ohio, 1982).

As a final matter, the Court notes that Plaintiffs assert that they have a broad right to privacy under Ohio law. *See, e.g., Sustin v. Fee,* 69 Ohio St.2d 143, 431 N.E.2d 992 (1982), and *Housh v. Peth,* 165 Ohio St. 35, 133 N.E.2d 340 (1956). While this may be true, the Court would decline, under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), to retain jurisdiction over the pendent state law claims.

Based on the preceding analysis, the Court concludes as follows:

(1) Summary judgment is granted in favor of Defendant, Duff Truck Lines, Inc., and against Plaintiffs in those claims asserted in Counts I and II of the Complaint;

(2) Summary judgment is granted in favor of Defendant, Teamsters Local Union No. 957, and against Plaintiffs on those claims asserted in Count III of the Complaint; and

(3) Entry of final judgment in the captioned action will be deferred until such time as Defendants submit a copy of the collective bargaining agreement, properly certified as mandated under Fed.R.Civ.P. 56(e), which must be done within ten (10) days from date of receipt of this Decision and Entry.