# PHILLIPS PETROLEUM CO. *v.* TEXACO INC.

No. 73–347.   Decided February 19, 1974

PER CURIAM.

The respondent, Texaco, brought this action against the petitioner, Phillips Petroleum Co., in the Northern District of Oklahoma. The complaint asserted that Texaco had not been compensated for the helium constituent of natural gas sold by Texaco to Phillips. Texaco claimed it was entitled to the reasonable value of this helium in addition to the sums already paid by Phillips for the natural gas under the contract of sale.

It is conceded that there is no diversity of citizenship between the parties. Accordingly, Texaco relied, as the basis for federal jurisdiction, on 28 U. S. C. § 1331 (a), asserting that its claim "[arose] under the Constitution, laws, or treaties of the United States." Phillips moved to dismiss for want of federal jurisdiction of the subject matter. The District Court granted this motion, and Texaco appealed to the Court of Appeals for the Tenth Circuit, which by a divided vote reversed the District Court's determination that federal jurisdiction was lacking. Phillips seeks certiorari to review the Tenth Circuit's decision and contends that past decisions of this Court make clear that Texaco's claim cannot be said to "aris[e] under the Constitution, laws, or treaties of the United States."

The substantive claim in this case is an outgrowth of an earlier decision of the Tenth Circuit, *Northern Natural Gas Co.* v. *Grounds,* 441 F. 2d 704 (1971). That was a federal interpleader action, in which the Court of Appeals held that lessee-producers of natural gas could recover the reasonable value of helium contained in the gas that they produced and sold to pipeline companies, which later extracted and marketed the helium. The essence of the *Grounds* decision was its rejection of the buyers' contention that the contract price paid for the natural gas was compensation for "the gas stream in its entirety and, absent an express reservation, [that] the buyer gets the whole stream for such purposes as it may determine." [1] *Id.,* at 720. The Court of Appeals reasoned that, as a result of the Helium Act Amendments of 1960, 74 Stat. 922, which added § 11 (50 U. S. C. § 167i) to the Helium Conservation Act, 43 Stat. 1110,

---

[1] The price paid here was in accordance with rates sanctioned by the Federal Power Commission, which has authority to establish such rates under the Natural Gas Act of 1938, 52 Stat. 821, 15 U. S. C. §§ 717–717w.

"the Natural Gas Act, and the FPC fixed service rates, do not apply" to "[a] sale of the commingled helium as a component of the [natural] gas stream." 441 F. 2d, at 721. Accordingly, the Court of Appeals concluded that "the reconciliation of the Natural Gas Act and of the 1960 amendments to the Helium Act . . . requires the conclusion that the FPC service rates *do not apply to deny recovery* for the contained helium" in the natural gas stream sold by the lessee-producers. *Id.,* at 723. (Emphasis added.) The court went on to hold that the lessee-producers could therefore recover "the reasonable value of the helium content of the processed gas." *Ibid.*

Because of the presence of federal interpleader jurisdiction, the court in *Grounds* did not consider whether there existed an independent basis for the exercise of federal jurisdiction. Texaco contends that the Court of Appeals in *Grounds* read the Natural Gas Act and § 11 of the Helium Conservation Act together to imply a federal cause of action for the recovery of the reasonable value of the helium constituent in natural gas. On the other hand, Phillips' position is that *Grounds* held only that the effect of these federal statutory provisions is to preclude the defense of payment to a quasi-contractual action brought for the recovery of the reasonable value of the helium. Hence, Phillips argues that the federal questions raised in the complaint are not part of Texaco's claim but are merely asserted in anticipation of a probable defense by Phillips.

This Court has repeatedly held that, in order for a claim to arise "under the Constitution, laws, or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully* v. *First National Bank,* 299 U. S. 109, 112 (1936). The federal questions "must be disclosed upon the face of the complaint, unaided by

the answer." Moreover, "the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Gully, supra,* at 113. See also *Metcalf* v. *Watertown,* 128 U. S. 586 (1888); *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454 (1894); *Louisville & Nashville R. Co.* v. *Mottley,* 211 U. S. 149 (1908); *Taylor* v. *Anderson,* 234 U. S. 74 (1914); *Skelly Oil Co.* v. *Phillips Petroleum Co.,* 339 U. S. 667 (1950).

The *Grounds* case cannot properly be read as creating a federal cause of action, deriving from the Natural Gas Act and § 11 of the Helium Conservation Act, for the recovery of the reasonable value of helium contained in natural gas ·sold at rates sanctioned by the Federal Power Commission. Indeed, in commenting on its earlier *Grounds* decision, the Court of Appeals in the present case concluded that "satisfactory utility regulation *does not permit* a utility rate to be used to obtain a commodity which is not within the contemplation of that rate." 481 F. 2d 70, 73. (Emphasis added.) In other words, the *Grounds* case simply held that payment for natural gas at rates established or permitted by the Commission under the authority of the Natural Gas Act will not be regarded as payment for the helium constituent and cannot be asserted as a defense to a suit for the recovery of the value of that helium. In short, the federal statutory provisions do not under *Grounds* create a federal right of recovery, but only preclude the interposition of a plea of payment to defeat a quasi-contractual suit for the value of the helium.[2]

---

[2] Texaco has not pointed to any language either in the Natural Gas Act and the 1960 Helium Act Amendments or in the legislative history of these enactments that could be read to create a federal cause of action for the recovery of the reasonable value of the helium under the circumstances of this case.

Texaco's suit for the reasonable value of the helium is, in effect, an action in *quantum meruit,* whose source is state law and not federal law. Cf. *Oneida Indian Nation* v. *County of Oneida,* 414 U. S. 661 (1974). To the extent that the Natural Gas Act and the 1960 Helium Act Amendments may bear on this action for the recovery of the reasonable value of constituent helium in natural gas, it is clear that their effect is no more than to overcome a potential defense to the action. Under the settled precedent of our past decisions noted above, it thus cannot be said that this suit "arises under the Constitution, laws, or treaties of the United States." Accordingly, there is no federal jurisdiction under 28 U. S. C. § 1331 (a).

The petition for a writ of certiorari is granted, and the judgment of the Court of Appeals is reversed.

MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN dissent from the summary disposition of this case without full briefing and oral argument. They would grant the petition and set the case for oral argument.

MR. JUSTICE WHITE took no part in the consideration or decision of this case.