Richard A. SPRAGUE

v.

BULLETIN COMPANY etc., et al.

Civ. A. No. 81–4785.

United States District Court,
E. D. Pennsylvania.

Dec. 10, 1981.

James Edwin Beasley, Philadelphia, Pa., for plaintiff.

Seymour I. Toll, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Richard A. Sprague, has filed a motion to remand this action back to state court. The defendants removed this action to this Court from the Court of Common Pleas of Philadelphia, Pennsylvania pursuant to 28 U.S.C. § 1441. For the reasons hereinafter set forth, plaintiffs' motion to remand will be granted.

Section 1441(b) of Title 28 of the United States Code provides in relevant part:

[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Removal is proper in this case only if the plaintiff's cause of action is founded on a claim or right arising under federal law. Plaintiff's claim must meet the standards of federal question jurisdiction set forth in 28 U.S.C. § 1331 and cases interpreting that statute. The United States Supreme Court has consistently held that an avermen triggering federal question jurisdiction must appear on the face of a well-pleaded complaint. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974); *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). *See also* 14 C. Wright, A. Miller & Cooper *Federal Practice and Procedure* § 3721, at 530 (1976). The Third Circuit has strictly interpreted this Rule.

*See La Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339, 343–44 (3d Cir. 1974); *PAAC v. Rizzo,* 502 F.2d 306 (3d Cir. 1974), cert. den., 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).

Reviewing carefully plaintiff's lengthy complaint as filed in the Court of Common Pleas, this Court finds no federal question presented in the plaintiff's complaint. Plaintiff alleges that he was defamed by defendants and seeks damages under the Pennsylvania common law of defamation. The complaint does not set forth a cause of action arising under the Constitution, treaties or laws of the United States. The Court is well aware that in the event the real nature of the plaintiff's claim is federal, the removal statute is applicable. *See* 1A *Moore's Federal Practice* ¶ 0.160. The real nature of the plaintiff's claim in this case is one arising under state law and not federal law.

Defendants appear to assert that their conduct is protected by the First Amendment of the United States Constitution and that *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) are applicable in establishing a Constitutional standard for such actions. Although *New York Times* may be applicable in the event the plaintiff is determined to be a public figure or public official, it does not serve as a basis for transfer pursuant to 28 U.S.C. § 1441(b). *See Louisville and Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). *Phillips Petroleum v. Texaco, supra.*

Defendants contend that, under *New York Times* and *Gertz,* a public official or a public figure seeking damages for a defamatory statement regarding his official conduct must show that the defendant (1) published a false statement with (2) actual malice, that is, either knowledge of the publication's falsity or reckless disregard as to its truth.

Assuming Sprague to be a public official or public figure, this Court does not question the applicability of *New York Times* and *Gertz.* However, a reading of these cases makes it abundantly clear that although the Supreme Court of the United States mandated Constitutional limitations as to defamation actions under state law, neither *New York Times* nor *Gertz* abolished defamation as a state cause of action. *See New York Times, supra,* 376 U.S. at 283, 84 S.Ct. at 727. As a matter of fact, *Gertz* makes it abundantly clear that state causes of action were not abolished, saying that "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability" in defamation actions. 418 U.S. at 346–47, 94 S.Ct. at 3010.

Reviewing plaintiff's complaint in light of the legal principles applicable to the federal removal statute, 28 U.S.C. § 1441, this Court concludes that removal was inappropriate and that the instant case must be remanded to the Court of Common Pleas. An appropriate order will be accordingly entered.