Peter W. TERPSTRA, Sr. and Peter W. Terpstra II Plaintiffs,

v.

FARMERS AND MERCHANTS BANK, Rochester, Indiana; Howard R. Wertzberger; Kathleen Wertzberger; Glenn A. Skersick; Marjorie Skersick; William J. Gordon; Joan C. Gordon; Virginia Lorene Rauschke; Charles H. Rauschke; R. Wayne Smith; Virginia V. Smith; H. Robert Bradley; Elizabeth Ann Bradley; J. Frederick Hoffman; Patricia B. Hoffman; Arthur May, and John/Jane Doe #2 through #100, Defendants.

No. S 84–217.

United States District Court, N.D. Indiana, South Bend Division.

Oct. 7, 1985.

Peter W. Terpstra, Sr., Rochester, Ind., pro se.

Peter W. Terpstra, II, Rochester, Ind., pro se.

Arthur A. May, South Bend, Ind., for defendants.

### MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

This cause comes before the court on defendants' Motion to Dismiss for lack of subject matter jurisdiction. Plaintiffs' allege jurisdiction based on all of the following: (1) Seventh Amendment of the Constitution of the United States, (2) Fifth Amendment of the Constitution of the United States, (3) 18 U.S.C. §§ 241–242, (4) 42 U.S.C. §§ 1983–1986, and (5) 28 U.S.C. §§ 1331 and 1334.

■ Plaintiffs are proceeding *pro se.* *Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair

---

* Affirmed by unpublished order, 7th Circuit, their No. 85–3050, May 5, 1986.

and meaningful consideration." *Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir.1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the plaintiffs' are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

 The Seventh Amendment of the Constitution of the United States does not contain a grant of jurisdiction. The clear and unambiguous language preserves only a right to a jury trial *after* proper jurisdiction is established. The federal courts are courts of limited jurisdiction. *See Giancana v. Johnson*, 335 F.2d 366 (7th Cir.1964), *cert. denied*, 379 U.S. 1001, 85 S.Ct. 718, 13 L.Ed.2d 702 (1965). Section 1331 of the United States Code Title 28 states in pertinent part:

> The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

This section, by itself, does not confer jurisdiction. *Standard Acceptance Co. v. United States*, 342 F.Supp. 45 (D.C.Ill. 1972). The complaint must set forth facts which provide a sufficient basis to establish a substantial federal question. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974). The limited jurisdiction of federal courts places the onus of establishing proper jurisdiction on the party seeking it. There is a presumption of lack of jurisdiction until it is demonstrated that such jurisdiction exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337, 16 S.Ct. 307, 311, 40 L.Ed. 444 (1895). Rule 8 of the Federal Rules of Civil Procedure requires a short plain statement of facts on which the court's jurisdiction is based. In this case the plaintiffs have not presented any facts on which the courts may base jurisdiction.

 This cause of action is frivolous and was brought in bad faith. The plaintiffs were content to utilize the benefits which the consolidation of their debts provided. It was only after the plaintiffs failed in their obligations, the defendant bank was granted a judgment in State Court, and problems occurred in collecting the judgment that the plaintiffs concocted this theory to escape their legal obligations. Consequently the court finds plaintiffs' claims deserving of sanctions under Rule 11 of the Federal Rules of Civil Procedure. *See Algeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir.1985); *Benner v. Negley*, 725 F.2d 446 (7th Cir. 1984). The court finds that a reasonable award for attorney's fees in this case is five hundred dollars ($500.00). Furthermore, the court assesses the plaintiffs a fine of one hundred twenty-five dollars ($125.00) *each* for the expenditure of time and resources in processing over 30 separate docket entrys. *Nixon v. St. Joseph Mortgage Co. et al*, 615 F.Supp. 898 (N.D. Ind.1985); *Nixon v. Phillipoff*, 615 F.Supp. 890 (N.D.Ind.1985).

Accordingly and for all the above reasons it is the order of this court that defendants' Motion to Dismiss be, and is hereby, GRANTED and this cause is DISMISSED WITH PREJUDICE in its entirety. It is further ordered that *each* plaintiff pay two hundred fifty Dollars ($250.00) for attorney's fees as a sanction for filing this lawsuit. It is further ordered that *each* plaintiff pay a fine of one hundred twenty-five dollars ($125.00) to the Clerk of this Court as a further Rule 11 sanction.