**650**

**Millie Jo (Radcliffe) SHARP, Plaintiff,**

**v.**

**AT & T COMMUNICATIONS, a corporation, Defendant.**

**Civ. A. No. 86–0108–C(K).**

United States District Court,
N.D. West Virginia,
Clarksburg Division.

April 30, 1987.

Michael John Aloi, Fairmont, W. Va., for plaintiff.

William E. Robinson, Joseph S. Beeson and Joseph M. Price, Charleston, W. Va., for defendant.

## ORDER

KIDD, District Judge.

Plaintiff filed her suit in the Circuit Court of Marion County, West Virginia, on June 25, 1986. Plaintiff's complaint alleges two causes of action for breach of contract and the tort of outrageous conduct against the defendant AT & T. Plaintiff claims that the defendant wrongfully accepted her resignation from employment under circumstances in which she was mentally incapable to effect such resignation. Plaintiff claims that on June 7, 1984, she was abducted by her estranged husband and thereafter, during the week of June 10, 1984, forced and coerced into calling her employer and resigning her position as operator which she held for 25 years. Plaintiff claims that thereafter, on June 27, 1984, she called her employer following her escape from her husband and requested her job back. At that time she was informed by her supervisor that as a result of her prior resignation she had been removed from the company's payroll and that it was not possible to reinstate her in the position of operator that she held at defendant's telephone company.

Plaintiff's complaint does not address any grievance procedure or arbitration remedies under any collective bargaining contract that may exist between the parties. Plaintiff's complaint is cast entirely in state law. Defendant's removal petition cites Title 28, United States Code, Section 1441 as this Court's sole jurisdictional basis. Defendant pleads that as there existed a collective bargaining agreement between the parties, the matter presents federal question jurisdiction in this Court and has moved to dismiss upon this basis.

Initially, this Court must look to its subject matter jurisdiction over these matters although counsel has not addressed the issue. It is well settled that a federal question must appear on the face of plaintiff's well-pleaded complaint. *Cook v.*

*Georgetown Steel Corp.*, 770 F.2d 1272 (4th Cir.1985); *City National Bank v. Edmisten*, 681 F.2d 942 (4th Cir.1982); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974); *Gulley v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question, *Phillips Petroleum Co. v. Texaco, Inc., supra.* The "well-pleaded complaint" rule applies to removal cases as well. *Franchise Tax Board v. Construction Laborers Vacation Trust, supra.*

■ When, as in the matter before the Court, plaintiff presents a state law claim and defendant counters by arguing that federal law preempts the state law on which plaintiff relies, the federal claim appears by way of defense, *Cf. Champion International Corp. v. Brown*, 731 F.2d 1406 (9th Cir.1984). However, the assertion of a defense that federal law has preempted the state law upon which plaintiff relies does not itself create a federal question for the purposes of the removal statute. *Trent Realty Assoc. v. First Savings and Loan Ass'n of Philadelphia*, 657 F.2d 29, 35 (3rd Cir.1981); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571 (7th Cir.1982); *First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank*, 627 F.2d 843 (8th Cir.1980); *Nolore v. San Diego Federal Savings and Loan Ass'n*, 663 F.2d 841 (9th Cir.1981). A plaintiff is the "master of the complaint." *See* 13 C. Wright A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3566, at 438 (1975). Justice Holmes wrote in 1913:

> The party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a "suit arising under" the patent or other law of the United States by his declaration or bill.

*The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

In *Cook v. Georgetown Steel Corp., supra*, the Court of Appeals for the Fourth Circuit addressed a jurisdictionally similar matter as that presently before the Court. There, ten individual plaintiffs who worked at defendant Georgetown Steel Mill under a collective bargaining agreement were permanently or otherwise laid off. Georgetown Steel withheld amounts equaling vacation payments from plaintiffs' final paychecks, claiming that these amounts were not yet earned. A union grievance was filed on behalf of these employees. Plaintiffs filed individual actions in state court seeking payment of the withheld vacation amounts and civil penalties under the South Carolina wage claim statute. Thereafter, the parties settled by agreeing that plaintiffs would be paid the amounts withheld providing, however, that in the future, laid off employees would have to reimburse the company for unearned vacation. Georgetown Steel did not immediately pay the disputed amount. Instead it paid the disputed amounts to only four of the laid off employees who agreed to sign releases. Thereupon, Georgetown Steel removed the state suit to federal court where a bench trial was conducted.

On appeal, Chief Judge Harrison L. Winter, writing for the Court, *sua sponte*, addressed the lower court's subject matter jurisdiction. After finding that plaintiffs' complaints did not allege any issue relating to the collective bargaining agreement and merely stated a state law claim for unpaid wages and penalties, the Court addressed the "well-pleaded complaint" rule. The Court noted the recent reaffirming of that rule by the United States Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust, supra.* The Court reasoned that although the matter before it raised substantial issues under both state and federal law, "if a well-pleaded complaint does not invoke federal law, jurisdiction does not exist even in the stronger case where the only real issue in the case is a federal one." *Georgetown Steel, supra*, at page 1276.

**652**

Most notably, the Court, in *Georgetown Steel,* in footnote 4, page 1276, citing the *Franchise Tax Board* case states:

> The [well-pleaded complaint] rule, however, may produce awkward results, especially in cases in which neither the obligation created by state law nor the defendant's factual failure to comply are in dispute, and both parties admit that the only question for decision is raised by a federal preemption defense. *Nevertheless, it has been correctly understood to apply in such situations. Id.,* 463 U.S. at 12, 103 S.Ct. at 2848. (emphasis added)

The appeals court then vacated the judgment of the district court and remanded the case back with instructions to remand to state court.

Here, from a review of the record before the Court, it is apparent that plaintiff's claims are cast entirely in state law and nothing is being sought under the collective bargaining agreement herein much the same as in the *Georgetown Steel* case discussed above.

■ Therefore, applying the above authority regarding the "well-pleaded complaint" rule, a federal defense to a state cause of action is not sufficient to invoke federal jurisdiction under the record before the Court. Accordingly, in light of the above authorities, it is the opinion of the Court that subject matter jurisdiction is lacking herein and therefore this action was removed improvidently and without jurisdiction and the Court therefore ORDERS this matter REMANDED to the Circuit Court of Marion County, West Virginia, pursuant to Title 28, United States Code, Section 1447(c).