**Zeblious GAUSE, Plaintiff–Appellant,**

v.

**BAPTIST MEMORIAL HOSPITAL, Defendant–Appellee.**

No. 00–5339.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

*ORDER*

Zeblious Gause, a Tennessee resident proceeding pro se, appeals the district court order dismissing his wrongful death lawsuit for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified relief, Gause sued the Baptist Memorial Hospital and requested in forma pauperis status. He alleged that his wife died while in the defendant's care. The district court granted Gause in forma pauperis status and dismissed the complaint for lack of subject matter jurisdiction and as frivolous. *See* Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i). Gause filed a motion for reconsideration. The district court construed the motion as a motion to alter or amend the judgment and denied it. Gause timely appealed that order.

On appeal, Gause argues that: (1) the district court had federal question jurisdiction under 28 U.S.C. § 1331 because the

396

case involves a constitutional right; and (2) the district court should have permitted him to amend his complaint.

This court reviews de novo a district court's decision to dismiss a complaint for lack of subject matter jurisdiction. *Greater Detroit Resource Recovery Auth. v. EPA,* 916 F.2d 317, 319 (6th Cir.1990). Upon review, we conclude that the district court properly dismissed Gause's complaint. *See* Fed.R.Civ.P. 12(h)(3); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 n. 1 (6th Cir.1992). Diversity of citizenship jurisdiction did not exist because, according to Gause's complaint, both he and the defendant are residents of Tennessee. *See* 28 U.S.C. § 1332; *Safeco Ins. Co. of Am. v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir.1994). Nor did the complaint raise federal question jurisdiction. *See* 28 U.S.C. § 1331. The complaint was captioned "WRONGFUL DEATH," and did not cite any constitutional provision or federal law. Because there was no basis for jurisdiction apparent on the face of the complaint, dismissal was proper. *See Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974).

Gause's argument that the district court had federal question jurisdiction because the case involves a constitutional right is without merit. Gause has still failed to identify any provision of the United States Constitution that could apply to this wrongful death claim.

Gause's argument that the district court should have permitted him to amend his complaint is also without merit. He contends that because the term "jurisdiction" was vague the district court should have let him amend his complaint to raise his constitutionality ground. A district court is not required to give the plaintiff an opportunity to amend the complaint if the court clearly lacks jurisdiction. *McLaugh-*

*lin v. Cotner,* 193 F.3d 410, 412 (6th Cir. 1999), *cert. denied,* 529 U.S. 1008, 120 S.Ct. 1278, 146 L.Ed.2d 226 (2000). In any event, Gause's proposed ground for federal question jurisdiction is also lacking.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.