Dennis Guy **ERDMAN**, Plaintiff–Appellant,

v.

H. Wesley **ROBINSON**, doing business as National Legal Professional Associates, Defendant–Appellee.

No. 03–2144.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Dennis Guy Erdman, Ionia, MI, pro se.

Robert A. Ratliff, Roberts, Shields & Green, Mobile, AL, for Defendant–Appellee.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and STEEH, District Judge.[*]

### ORDER

Dennis Guy Erdman, a pro se Michigan prisoner, appeals a district court order dismissing his civil action filed pursuant to 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Erdman, who is a frequent litigator, sued H. Wesley Robinson, who was reportedly doing business as National Legal Professional Associates (NLPA). Erdman sued Robinson for malpractice, negligence, and breach of contract. The district court dismissed the complaint for lack of subject matter jurisdiction. The court found that Erdman had not established that the amount in dispute exceeded $75,000, a requirement of § 1332.

On appeal, Erdman asserts that he alleged in his complaint that the dispute exceeded $75,000. Therefore, he established diversity jurisdiction under § 1332.

We review de novo an order dismissing a complaint for lack of subject matter jurisdiction. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544 (6th Cir.1991). A plaintiff has the burden of establishing jurisdiction. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

The district court properly dismissed Erdman's action because no basis for jurisdiction is apparent on the face of his complaint. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974). Subject matter jurisdiction may be raised sua sponte by the district court. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992).

Erdman alleged that Robinson, while doing business as NLPA, entered into a contract with his brother, Dan Erdman. In exchange for $2,150, NLPA would perform a "case evaluation" concerning possible avenues that might be available for Erdman to mount a challenge to his state court sentence for manslaughter. NLPA services were subsequently terminated and a partial repayment of the $2,150 was made to Erdman's brother. In his complaint, Erdman alleged damages exceeding $400,000.

In diversity cases, a district court has jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount claimed by a plaintiff controls if the claim is apparently

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

made in good faith. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 156 (6th Cir.1993). To dismiss on jurisdictional grounds, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (emphasis removed). The amount in controversy is measured at the time the complaint is filed. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990). Whether the jurisdictional amount has been met is considered in light of the state law and its recognition of the relief sought. *See id.* at 341.

Erdman asserts that his 2000 request to file a second or successive habeas corpus petition under 28 U.S.C. § 2244 would have been granted and he would have been released from custody had it not been for NLPA's negligence. However, the only possible way Erdman could establish damages is to show that but for NLPA's error, he would have been successful in overturning his conviction.

Erdman is a frequent litigant whose numerous attempts to persuade the courts to overturn his conviction for manslaughter have been unsuccessful. His attempts have been so numerous that this court has issued an order prohibiting Erdman from filing any document in the federal district courts or in this court challenging his convictions and sentences. *In re Erdman*, No. 02–1529 (6th Cir. Sept. 12, 2002). As Erdman cannot establish that NLPA caused him any injury, Erdman has not established the damage requirements of § 1332. Therefore, the district court properly dismissed the case for lack of subject matter jurisdiction.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.