Patrick DENZIK Plaintiff

v.

**REGIONAL AIRPORT AUTHORITY OF LOUISVILLE AND JEFFERSON COUNTY Defendant**

**No. CIV.A. 3:04CV–337–H.**

United States District Court,
W.D. Kentucky,
At Louisville.

March 22, 2005.

Teddy B. Gordon, Louisville, LA, for Plaintiff.

Robert W. Griffith, Bethany A. Breetz, Chadwick A. McTighe, Stites & Harbison, Louisville, LA, for Defendant.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

Patrick Denzik seeks damages and injunctive relief from the Louisville Regional Airport Authority ("the Authority") for trespass, nuisance, invasion of privacy, and intentional infliction of emotional distress due, in part, to airplane flights over his property in the Minor Lane Heights neighborhood near the Louisville International Airport. Plaintiff filed this action in Jef-ferson County Circuit Court. The Authority removed to federal court pursuant to 28 U.S.C. §§ 1441 *et seq.* on the grounds that the Airline Deregulation Act (the ."ADA") completely preempts state laws "relating to rates, routes, or services" of an air carrier citing *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) and 49 U.S.C. § 41713(b).[1] Plaintiff now seeks remand to state court.

This case requires the Court to consider the grounds for federal jurisdiction on removal and the jurisdictional consequences of the ADA's preemptive force. The Sixth Circuit has held that the ADA does not establish complete preemption so that all jurisdiction is transferred to the federal courts. *Musson Theatrical, Inc. v. Federal Express Corporation,* 89 F.3d 1244, 1253. (6th Cir.1998). Consequently, for the reasons that follow, the Court concludes that the Authority improperly removed these state law claims even though the ADA may actually preempt some or all of them.

### I.

With all due respect, both parties seem to approach this case differently than the Court.

The Authority argues that the Court may exercise federal jurisdiction because Plaintiff's claims relate to the route of airplanes over his property and are, therefore, "necessarily federal in character." *Def.'s Notice of Removal.* In *Morales,* the Supreme Court did discuss the circumstances under which the ADA will broadly preempt state law claims. However, *Morales* only involved concepts of ordinary preemption and did not address the doctrine of complete preemption, the alleged grounds for removal in this case.[2] More-

---

**1.** 49 U.S.C. § 41713(b)(1) states in relevant part: a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of an air carrier that may provide air transportation under this subpart.

**2.** There is an important distinction between, on the one hand, where Congress broadly

over, in *Morales,* the plaintiffs filed suit in federal district court.[3] Consequently, neither original jurisdiction for removal purposes nor complete preemption were at issue. These factors make *Morales* not directly applicable to the question before this Court.

Plaintiff argues that his claim is unrelated to the routes of airplanes, but concerns only "where they take off and land, based upon where the [defendant] chose to place their runways." *Pl.'s Resp. Notice Of Removal.* Whether well taken or not, this argument seems irrelevant to the Court's inquiry at hand because it also concerns the ordinary preemption analysis and not the complete preemption doctrine that might be a grounds for removal in this case. For instance, the ADA preempts many state law claims. It does not follow, however, that state courts are stripped of jurisdiction in all cases involving interpretations of the ADA. *Roddy v. Grand Truck Western R.R. Inc.,* 395 F.3d 318, 324 (6th Cir.2005)("complete preemption is a narrow exception to the well-pleaded complaint rule"). *See also AmSouth Bank v. Dale,* 386 F.3d 763, 776 (6th Cir.2004)(only Congress can completely preempt a state cause of action). The Court concludes that it must focus on whether jurisdiction exists and not whether the ADA preempts this particular state law claim. The analysis for each inquiry may yield different results.

## II.

■ "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)(citing 28 U.S.C. 1441(a)). Because this is not a diversity action, the Court looks to whether the complaint affirmatively alleges a federal claim. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule has long governed whether an action arises under federal law for the purposes of § 1331. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002)(citing *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974)(*per curiam*)).[4] Here, no one argues that Plaintiff has actually stated a federal question on the face of his complaint. The question remains: for purposes of removal, should the Court recharacterize his purported state law claims as federal?

■ As the Sixth Circuit has explained so clearly, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Roddy v. Grand Truck Western R.R. Inc.,* 395 F.3d at 322 (6th Cir.2005)(quoting *Cater-*

---

preempts state laws and provides federal jurisdiction over all such claims, as in the ERISA context; and, on the other hand, where Congress broadly preempts state laws without creating federal jurisdiction over such claims, as in the ADA.

**3.** In *Morales,* various airlines filed a "preemptive" federal court action seeking to en-

join the state attorney general from enforcing state deceptive practices laws against airline advertising.

**4.** The well-pleaded complaint rule makes plaintiff the "master of the claim" for removal purposes also. *Caterpillar,* 482 U.S. at 392 n. 7, 107 S.Ct. 2425; *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir.2003).

*pillar,* 482 U.S. at 393, 107 S.Ct. 2425 (emphasis in original)). As the Supreme Court explained in *Metro. Life Ins. Co. v. Taylor,* "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)(citing *Gully v. First Nat. Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). This analysis leads to one conclusion: even if all parties agreed that the ADA preempted Plaintiff's state law claims, removal would be improper unless the doctrine of complete preemption applies.

### III.

■ The Authority asserts that § 41713(b) of the ADA "completely preempts" Plaintiff's state law claims. Just last year the Sixth Circuit supplied a clear definition of the doctrine and its role:

> Complete preemption is a narrow exception to the well-pleaded complaint rule, whereby plaintiff is master of his complaint and can choose to assert only state law claims, in situations where Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction.

*AmSouth Bank v. Dale,* 386 F.3d at 776. Under the doctrine of complete preemption, state law claims pleaded in state court are in effect federal claims where Congress intended federal courts to have exclusive jurisdiction over them. *See, e.g., Ritchie v. Williams,* 395 F.3d 283 (6th Cir.2005)(following the 2nd and 4th Circuits in finding that the complete preemption doctrine applies to section 301 of the Copyright Act, 17 U.S.C. § 301(a)). The question that decides this case is whether the ADA fits this description.

### A.

Congress and the courts have been extremely reluctant to completely preempt entire areas from state court jurisdiction. In fact, Court finds only four examples in this circuit. In *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 561–562, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Supreme Court permitted the removal of cases purporting to assert only state laws claims in labor cases preempted by § 301 of the Labor Management Relations Act, 1947 (LMRA). In*Metro. Life Ins. Co. v. Taylor* the Supreme Court extended the complete preemption doctrine to the Employee Retirement Income Security Act of 1974 (ERISA), holding that § 502(a)(1)(B) provides an exclusive federal cause of action for the resolution of suits by beneficiaries to recover benefits from a covered plan. Finding that Congress intended for the federal courts to have exclusive jurisdiction over all preempted state law claims, the Court found original federal jurisdiction over purportedly state law claims that fell within the ambit of § 502(a)(1)(B). *Metro. Life Ins. Co.,* 481 U.S. at 66–67, 107 S.Ct. 1542. Finally, in *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) the Court applied the complete preemption doctrine to the National Bank Act so that a state law usury claim against a national bank necessarily arises under federal law and is therefore removable. *Id.* at 9, 123 S.Ct. 2058. Recently, the Sixth Circuit found that the complete preemption doctrine applied to section 301 of the Copyright Act, 17 U.S.C. § 301(a). *Ritchie v. Williams,* 395 F.3d at 286. Neither the Sixth Circuit nor this Court can find other examples of complete preemption. *AmSouth Bank,* 386 F.3d at 776 (2004) ("The Supreme Court has only found three statutes that evince this sort of Congressional intent.").

■ In *Musson Theatrical, Inc. v. Federal Express Corporation*, the Sixth Circuit has specifically addressed whether the ADA completely preempts state law claims and has answered "no." *See Musson Theatrical, Inc.*, 89 F.3d at 1252–53.[5] Applying the standard for finding complete preemption articulated in *Metro. Life Ins. Co. v. Taylor*, the Sixth Circuit states:

> Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers. Quite to the contrary: if the Supreme Court was correct to state that the ADA, unlike ERISA, did not intend to "channel actions into federal court," *American Airlines*, 513 U.S. [219, 232 (1995)], then only a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of Musson's claims.

*Musson*, 89 F.3d at 1253; *See also, Wayne v. DHL Worldwide Express*, 294 F.3d 1179 (9th Cir.2002)(finding the ADA did not provide a basis for federal jurisdiction under the complete preemption doctrine); *City of Tipp City v. City of Dayton*, 204 F.R.D. 388 (S.D.Ohio 2001)(finding contention that claim was preempted by the ADA was merely a defensive argument, which conferred neither federal subject matter jurisdiction nor afforded a basis for removal). The Sixth Circuit's holding in *Musson* applies equally to Plaintiff's state law claims in this case. According to the Sixth Circuit, the ADA is simply not one of those *extraordinary* circumstances where Congress intends, not merely to preempt a certain amount of state law, but also to

transfer jurisdiction to decide the preemption question from state to federal courts. *Id.* citing *Metro. Life Ins.*, 481 U.S. at 65–66, 107 S.Ct. 1542.

This Court agrees with the analysis in *Musson* and, in any event, is bound by it. This Court cannot recharacterize Plaintiff's state law claims as arising under federal law. Thus, removal is improper.

**B.**

By declining jurisdiction, therefore, this Court is not saying whether the ADA is applicable to any of Plaintiff's claims. In many instances, federal courts apply state law; in other instances, state courts may apply federal law, where appropriate. The state court will still need to engage in ordinary preemption analysis in order to determine whether the ADA preempts some, all or none of Plaintiff's claims against the Authority. *See, e.g., American Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995)(affirming a state supreme court finding that the ADA preempts state law claims based on violations of an Illinois consumer protection law); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)(affirming a federal court's determination that the ADA preempts a state law relating to airline rates). In doing so, the state court must apply federal law. All of the arguments that the Authority has asserted here will be relevant in that context.

This Court, however, need not investigate whether the ADA actually does preempt any of Plaintiff's claims. The federal statutes require "if at any time before final judgment it appears that the district

---

5. *Musson* discusses the effect of 49 U.S.C. § 1305(a)(1) on properly pleaded state law claims filed in state court. Our case involves the very same section revised and recodified at 49 U.S.C. § 41713(b)(1). Our case also involves the same type of state claim removed to federal court. The different procedural context does not alter the analysis or relevance to our circumstances.

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Finding no other basis for original jurisdiction, the Court concludes that it lacks subject matter jurisdiction over this case.

The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

The Plaintiff has moved to remand this case to Jefferson County Circuit Court. The Court has carefully considered the issues in an accompanying Memorandum Opinion. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that this complaint and all other pending motions are remanded to Jefferson County Circuit Court due to the absence of federal subject matter jurisdiction.