**SROKA FAMILY, LLC; Leo Sroka; Marilyn Sroka, Plaintiffs— Appellants,**

v.

**PRUDENTIAL SECURITIES, INC.; Jeffrey Skoll, Defendants— Appellees.**

**No. 04–16488.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Neil J. Beller, Esq., Neil J. Beller, Ltd., Las Vegas, NV, for Plaintiffs–Appellants.

Amelia De Los Santos, Esq., Kimberly A. Demarchi, Esq., Lewis & Roca, LLP, Las Vegas, NV, for Defendants–Appellees.

Before: B. FLETCHER, BEEZER, and FISHER, Circuit Judges.

MEMORANDUM **

Leo Sroka, Marilyn Sroka and Sroka Family, LLC ("the Srokas") appeal the dismissal of their Motion to Vacate the Arbitration Award. The district court determined that it lacked subject matter ju-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

risdiction to review the arbitration award. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The parties are familiar with the facts of the case. We need not repeat them here.

We review a dismissal based upon lack of subject matter jurisdiction de novo. *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1406 (9th Cir.1989). Federal courts must have an independent basis for federal jurisdiction to hear claims under the Federal Arbitration Act. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883–84 (9th Cir.1993). Subject matter jurisdiction must be supported by facts appearing on the face of a well-pleaded petition to vacate. *See Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir.2004). Jurisdictional facts cannot be found in arguments developed later. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (federal question "must be disclosed upon the face of the complaint, unaided by the answer"); *id.* The face of the Srokas' Motion to Vacate bases jurisdiction only on the Federal Arbitration Act and diversity of the parties. The petitioners request relief only for the arbitrators' failure to postpone the arbitration to allow the testimony of their witness, Gary Larimer.

■ All plaintiffs and defendant, Jeffrey Skoll, were domiciled in the State of Nevada when the original complaint was filed in the district court. Diversity jurisdiction is lacking because the parties are not completely diverse. *See* 28 U.S.C. § 1332. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

■ The petitioners' right to relief does not "necessarily depend[ ] on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see Luong*, 368 F.3d at 1111. Rather, the Srokas request a review of the arbitrators' procedures, which they allege amount to a denial of fundamental fairness. There is no federal-question jurisdiction because review of the fairness of arbitration proceedings does not involve a substantial question of federal law where petitioners were not denied adequate notice, a hearing on the evidence and an impartial decision by the arbitrator. *See Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 413 (9th Cir.1996) (discussing review of the fairness of arbitration proceedings).

The district court properly dismissed the action for want of subject matter jurisdiction.

**AFFIRMED.**