**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRI-DAM,

                Plaintiff-Appellee,

v.

SCOTT FRAZIER,

                Defendant-Appellant.

Nos. 22-15246
       22-15919

D.C. No. 1:20-cv-00408-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted April 14, 2023
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF,[**] District Judge.

    Scott Frazier appeals from the district court's order granting in part Tri-Dam's motion for summary judgment, contending that (1) the district court lacked

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

subject-matter jurisdiction, (2) the Calaveras County Municipal Code's (the "Code") delegation of authority to Tri-Dam is unconstitutional, (3) the district court erred in holding that the Code applies retroactively, and (4) the district court erred in denying Frazier's laches defense.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment de novo. *See Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir.) (citation omitted), *cert. denied*, 142 S. Ct. 343 (2021). We review whether subject-matter jurisdiction exists de novo. *Kingman Reef Atoll Invs., LLC. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). We "review de novo a district court's determination of state law." *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991). We review a determination of whether laches applies for abuse of discretion. *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125 (9th Cir. 2006); *see also Johnson v. City of Loma Linda*, 5 P.3d 874, 878 (Cal. 2000) (stating that under California law, "a trial court's laches ruling will be sustained on appeal if there is substantial evidence to support the ruling"). We affirm.

Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

The district court did not err in determining that it had subject-matter jurisdiction. Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule provides that federal-question jurisdiction under § 1331 exists only when "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974) (citation omitted).

Federal district courts also have original jurisdiction "of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). The Federal Power Act ("FPA") constitutes an act of Congress regulating commerce. *See FERC v. Elec. Power Supply Ass'n*, 577 U.S. 260, 264–65 (2016), *as revised* (Jan. 28, 2016). "[T]he 'arising under' language in [section] 1337 is interpreted in essentially the same way as the 'arising under' phrase in [section] 1331." *Garrett v. Time-D.C., Inc.*, 502 F.2d 627, 629 (9th Cir. 1974).

Under a narrow exception to the well-pleaded-complaint rule, "federal jurisdiction over a state-law claim will lie if a federal issue is '(1) necessarily

3

raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). "All four requirements must be met for federal jurisdiction to be proper." *Id.* at 904–05.

The district court did not err in determining that it had federal-question jurisdiction pursuant to sections 1331 and 1337 under the narrow exception set forth in *Gunn*. First, a federal issue is necessarily raised if it is "basic," "necessary," "pivotal," "direct," or "essential" to the claim. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1045 (9th Cir. 2003). Here, Tri-Dam alleges that Frazier's unpermitted facilities violate the Shoreline Management Plan ("SMP") and the Code, because all facilities within the project boundary must be approved by Tri-Dam through its permitting program, and to obtain a permit, the facilities must be in conformance with the SMP. Tri-Dam's complaint "expressly invokes federal laws," *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185 (9th Cir. 2022), and the district court's analysis regarding whether Frazier's facilities were legally installed under the SMP and the Federal Energy Regulatory Commission ("FERC") license played a central role in its decision that Tri-Dam was entitled to summary judgment on its public-nuisance claim. Accordingly, the

district court's interpretation of Tri-Dam's SMP under its FERC license—a substantial federal issue—was necessarily raised.

Second, on appeal, Frazier argues that the parties only "actually disputed" whether his facilities constituted a public nuisance under the *Code*. However, because Frazier disputed whether his property was "grandfathered" under the terms of both the Code *and* the SMP, a federal issue was "actually disputed."

Third, the inquiry as to whether a federal issue is "substantial" does not focus on "the particular parties in the immediate suit," but instead centers on "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. A substantial issue "requires an interpretation of a federal statute," "challenges a federal statute's constitutionality," or "identif[ies] a legal issue necessarily raised by the claim that, if decided, will be controlling in numerous other cases." *City of Oakland*, 969 F.3d at 906 (internal quotation marks and citation omitted). Here, the district court found that resolution of this case "directly impacts" both Tri-Dam's duty under its FERC license "to protect and enhance the scenic, recreational, and environmental values of the Project," as well as "FERC's obligation under the FPA to assure that projects are developed to serve various public needs." Tri-Dam's action implicates a substantial federal issue because, "[a]s evidenced by the FPA, the federal government has a strong interest 'in

maintaining control over [the] engineering, economic and financial soundness' of FERC-licensed projects," such as the Tulloch Reservoir. *Sauk-Suiattle*, 56 F.4th at 1185 (quoting *First Iowa Hydro-Elec. Co-op. v. Fed. Power Comm'n*, 328 U.S. 152, 172 (1946)).

Fourth, because a federal issue is implicated here under the FPA, Tri-Dam's action satisfies *Gunn*'s final requirement, which "is concerned with the appropriate balance of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 264 (internal quotation marks and citation omitted); *see Sauk-Suiattle*, 56 F.4th at 1185 (holding that *Gunn*'s fourth requirement was met because "Congress intended the *federal government* to have comprehensive control over FERC-licensed projects").

Because we conclude that the court had jurisdiction under sections 1331 and 1337, we need not address Tri-Dam's arguments that the court also had jurisdiction under 16 U.S.C. § 825p and 28 U.S.C. § 1367.

## II

Frazier concedes that he never raised his "illegal delegation" argument in the district court and has thus waived this argument on appeal. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 888 & n.4 (9th Cir. 2002).

## III

The district court correctly concluded that the Code applies retroactively. Under California law, a statute does not operate retroactively unless the legislative body enacting the measure clearly indicates its intent that it does so. *See W. Sec. Bank v. Superior Ct.*, 933 P.2d 507, 513 (Cal. 1997). The general presumption against retroactive application of statutes is subordinate to "the transcendent canon of statutory construction that the design of the Legislature be given effect." *In re Marriage of Bouquet*, 546 P.2d 1371, 1373 (Cal. 1976).

By its plain language, the Code exempts all facilities installed prior to 1979, unless they are subsequently expanded, reconstructed, or otherwise altered. *See* Calaveras Cnty., Cal. Mun. Code § 20.10.120(D). The 1979 cut-off date clearly indicates the Calaveras County Board of Supervisors' intent that the Ordinance apply to all facilities installed after that year. This reading also gives effect to the Code's stated purpose, which "is to provide consistent policies for the regulation, operation and enforcement activities at Tulloch Reservoir." *Id.* § 20.10.110. Retroactive application advances this purpose because it brings more facilities within the ambit of Tri-Dam's permitting process and authority, which are designed to "[p]rotect and enhance the scenic, environmental, and public recreational value of the reservoir."

IV

The district court correctly held that Frazier's laches defense fails.  First, the district court properly rejected Frazier's laches defense as to Tri-Dam's public-nuisance claim because it is categorically barred under California Civil Code section 3490.  Under California law, "[n]o lapse of time can legalize a public nuisance, amounting to an actual obstruction of public right."  Cal. Civ. Code § 3490 (West 2023).

Tri-Dam, which is a public agency, *see* Cal. Gov't Code § 6500 (West 2023), has established that Frazier's facilities obstruct the public use and enjoyment of the Tulloch Reservoir and pose a threat to public safety.  Frazier contends that "potential" hazards do not constitute an "actual obstruction."  But under § 3490, an obstruction is "something that impedes or hinders" a public right, and an obstruction—such as Frazier's facilities, which extend into the project boundary—can exist even before someone is physically harmed.  *People v. ConAgra Grocery Prods. Co.*, 227 Cal. Rptr. 3d 499, 571 (2017).  Accordingly, laches is inapplicable to Tri-Dam's public-nuisance claim.

Second, the district court correctly held that there exists a genuine dispute of material fact regarding the application of laches to Tri-Dam's other state-law claims.  "Laches is an equitable, affirmative defense which requires a showing of both an unreasonable delay by the plaintiff in bringing suit, plus either

acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." *Highland Springs Conf. & Training Ctr. v. City of Banning*, 199 Cal. Rptr. 3d 226, 237 (2016) (citations and internal quotation marks omitted).

Frazier did not prove the second element. Although Frazier asserted that Tri-Dam knew he was going to buy the property in 2011 and that he was "depending on" the contested facilities as amenities, Tri-Dam expressly denied such knowledge. Tri-Dam offered sworn declarations from two representatives, who testified that they were not advised Frazier was purchasing the property and that they "never" would have told him that the facilities were "grandfathered" in or otherwise exempt from Tri-Dam's permitting requirements. On appeal, Frazier does not dispute that the parties submitted directly conflicting evidence on this defense—thereby rendering it a genuine dispute that is unsuitable for summary judgment. *See Highland Springs*, 199 Cal. Rptr. 3d at 237.

**AFFIRMED.**